United States District Court
Southern District of Texas
**ENTERED**
September 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE TERRELL, | § | |
| TDCJ # 02072893, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-1031 |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Shane Terrell, a former inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition for a federal writ of habeas corpus under 28 U.S.C.§ 2254 (Dkt. 1).   Respondent has filed a motion for summary judgment (Dkt. 16) and a copy of the state court records (Dkt. 17).   Terrell filed a response (Dkt. 19), and the motion is ripe for decision.   After reviewing the pleadings, the applicable law, and all matters of record, the Court will dismiss this action as time-barred for the reasons explained below.

## I.      BACKGROUND

On May 20, 2016, Terrell was sentenced to 40 years in TDCJ for driving while intoxicated, third or more, in the 85th District Court of Brazos County, Case No. 15-01413-CRF-85, Hon. Kyle Hawthorne presiding (Dkt. 17-3, at 47-48).   The jury found Terrell guilty of the offense, but found the deadly weapon finding to be "not true" (*id.* at

47).  Terrell entered into a plea agreement for sentencing that included a waiver of his right to appeal (Dkt. 1-2, at 4; Dkt. 17-3, at 31).

On April 20, 2018, Terrell executed an application for state habeas relief, WR-88,514-01(*id.* at 5-21).  The trial court entered findings of fact and conclusions of law recommending denial of relief (*id.* at 93-103). On June 20, 2018, the Texas Court of Criminal Appeals denied relief without written order on the trial court's findings (Dkt. 17-1).

Terrell's federal petition is undated but was docketed with the Court on March 20, 2019 (Dkt. 1).  Prison mail logs demonstrate that Terrell delivered the petition to the prison mailing system on March 14, 2019 (Dkt. 16-1, at 3).  He brings eight claims for relief, including a claim that the trial judge abused his discretion and committed misconduct because Terrell was "intoxicated" by pain medication during sentencing; several claims that his trial counsel was constitutionally ineffective; a claim that he "never heard himself found guilty"; and claims that the indictment and judgment against him were defective and void.

Respondent has filed a motion for summary judgment (Dkt. 16) and seeks dismissal of Terrell's claims under the statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

Terrell seeks habeas relief under 28 U.S.C. § 2254.  His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

(A)    the date on which the judgment became final by the conclusion of
         direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by
         State action in violation of the Constitution or laws of the United
         States is removed, if the applicant was prevented from filing by such
         State action;

(C)    the date on which the constitutional right asserted was initially
         recognized by the Supreme Court, if the right has been newly
         recognized by the Supreme Court and made retroactively applicable
         to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims
         presented could have been discovered through the exercise of due
         diligence.

28 U.S.C. § 2244(d)(1).  The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period.  *Id*. § 2244(d)(2).

The judgment against Terrell was entered on May 20, 2016.  He did not file an appeal, and his time to appeal expired 30 days later, on Sunday, June 19, 2016.  TEX. R. APP. P. 26.2(a)(1).  His filing period was extended to the next business day, which was Monday, June 20, 2016.  *See* TEX. R. APP. P. 4.1(a).  Therefore, his limitations period under § 2244(d)(1)(A) expired one year later, on Tuesday, June 20, 2017.  His federal petition, filed on March 14, 2019, was nearly two years late and time barred unless a statutory or equitable exception applies.

Terrell's state habeas application filed on April 20, 2018, did not toll the limitations period under AEDPA because, at the time Terrell filed it, the limitations period already had expired.  *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d

573, 576 (5th Cir. 2013). Additionally, Terrell does not demonstrate the applicability of any provisions in § 2244(d)(1) that might warrant a later accrual date because he does not identify a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a recently discovered factual predicate for his claims.

In these federal proceedings, Terrell seeks equitable tolling of the limitations period based on a mental impairment. Equitable tolling is available only in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). A petitioner is entitled to equitable tolling of AEDPA's limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Application of the doctrine "'turns on the facts and circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)). Although the Fifth Circuit has recognized that a mental impairment may support equitable tolling, a petitioner seeking application of the doctrine has the burden to provide supporting facts. *Fisher*, 174 F.3d at 715; *Boothe v. Quarterman*, 326 F. App'x 257, 258 (5th Cir. 2009); *Smith v. Johnson*, 247 F.3d 240, at *3 (5th Cir. 2001).

Terrell claims that the filing of his federal petition was delayed by psychiatric and physical impairments:

> [Terrell] was prevented from timely filing a state habeas corpus petition due
> to his mental impairment induced by long term psychiatric impairment
> coupled with intensive treatment for multiple physical impairments which
> render him permanently mentally impaired and state refused to allow him
> to present evidence of pharmaceutical intoxication at trial.

(Dkt. 1, at 9).  He argues that, on this basis, AEDPA's statute of limitations should not

apply (Dkt. 19, at 3-4).   He relies on "Exhibit A," attached to his petition, which appears

to be a medication list for Terrell from the Brazos County Sheriff, dated July 7, 2016

(Dkt. 1-1, at 1).  The list includes over a dozen medications prescribed to Terrell on May

13, 2016, with all medications listing an "end date" of August 11, 2016.  In other words,

the list pertains to a three-month period that included Terrell's sentencing on May 20,

2016.

Terrell's medication list is insufficient to demonstrate that his mental impairment

or medications prevented him from filing his federal petition in a timely manner.  Terrell

bears the burden to show that equitable tolling is appropriate, and must support his

showing with specific facts.  *See Boothe*, 326 F. App'x at 258; *Smith*, 247 F.3d 240, at

*3.  To the extent Terrell bases his claim on the time of his trial or sentencing,[1] the list

itself is inadequate to demonstrate his mental state at the time and is insufficient to

overcome the state habeas court's finding that Terrell was not impaired by medications

---

[1]      *See* Dkt. 1-1, at 3-4 (discussing sentencing proceeding); Dkt. 19, at 2 (alleging that he
was "legally intoxicated at trial" due to "ingesting 17 different kinds of medications daily (36
total/day) including an unheard of quantity of Gabapentin" but that the Brazos County Sheriff
"fraudulently concealed" his "serious medical needs and condition" from the trial court); *id*. at 4
(stating that his 17 different prescription drugs at the time of sentencing "pos[s]essed somnolent
side effects").

and had been competent to participate in the sentencing proceeding (Dkt. 17-3, at 96).[2]
Moreover, the list shows an "end date" for all medications in August 2016, and therefore
does not cover the one-year period relevant to AEDPA's statute of limitations, which
expired approximately ten months later on June 20, 2017.  Terrell has made no showing
that he diligently pursued federal habeas relief and did not squander the one-year period.
*See Jackson*, 933 F.3d at 411; *Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010);
*Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007).

Terrell has failed to show the existence of a claim for which "'strict application of
the statute of limitations would be inequitable.'"  *See In re Wilson*, 442 F.3d 872, 875
(5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).
Therefore, his petition must be dismissed as untimely filed.

## III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of
appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537
U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a
district court to issue or deny a certificate of appealability when entering a final order that
is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a
substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which

---

[2]    The state habeas court determined that Terrell's allegations that he was intoxicated or
incompetent during his sentencing proceeding to be "false" (Dkt. 17-3, at 96).  *See* Dkt. 1-2, at 9
(at sentencing proceeding on May 20, 2016, Terrell answered, "No" when the court asked him,
"Are you on any type of medication here that affects your ability to understand what you're
doing?").

requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      Respondent's motion for summary judgment (Dkt. 16) is **GRANTED**.

2.      The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 30th day of September, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE